United States District Court
Southern District of Texas

**ENTERED**

March 29, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ANTONIO DE LOPEZ SULBARAN,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. 4:26-CV-1535** |
| | § | |
| **GRANT DICKEY,** *et al.*, | § | |
| | § | |
| **Respondents.** | § | |

### ORDER

Before the Court is Petitioner Antonio De Lopez Sulbaran's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C §2241 and Complaint for Declaratory and Injunctive Relief (ECF No. 1) and the Federal Respondents' Motion for Summary Judgment (ECF No. 5). For the reasons that follow, the Court now **GRANTS IN PART** the Petition for Habeas Corpus and **DENIES** Respondents' Motion for Summary Judgment.

### I.    BACKGROUND

The following facts are not in dispute. Petitioner is a citizen of Venezuela who entered the United States without inspection over three years ago. At some point soon after his entry, Petitioner was taken into immigration custody. *See* ECF No. 6. Immigrations and Customs Enforcement (ICE) then released Petitioner on I-94/conditional parole. *Id*. Petitioner has applied for asylum. ECF No. 1 at 3.

There is no indication in the record that Petitioner failed to comply with any condition of his release. He has no criminal record and no history of immigration violations. *Id.* Nonetheless,

1 / 4

Respondents re-detained Petitioner at his regular ICE check-in on February 4, 2026. *Id*. He remains in custody. The Government's position is that Petitioner is subject to mandatory detention without bond pursuant to 8 U.S.C. § 1225(b)(2).[1]

Petitioner's ongoing detention has caused him significant hardship. Petitioner is unable to work or provide for his family. *Id.* at 7-8. As a result, he is facing foreclosure. *Id.* at 4. Petitioner's ability to defend against removal in his immigration proceedings is also negatively impacted by his ongoing detention, which makes it difficult to access his attorney or gather evidence. *Id*.

## II.     ANALYSIS

Petitioner argues, among other claims, that his re-detention violates the Due Process Clause of the Fifth Amendment. Because the Court agrees that Petitioner's detention violates his procedural due process rights, it declines to address his additional claims.

The Court recently addressed a similar set of circumstances in *Betancourth v. Tate, et al*., --- F.Supp.3d ----, No. 4:26-CV-01169, 2026 WL 638482 (S.D. Tex. Mar. 6, 2026) (Ellison, J.). *See also Perea-Berrio v. Tate, et al.*, No. 4:26-CV-01568, 2026 WL 709481 (S.D. Tex. Mar. 13, 2026); *Alvarez Rico v. Noem, et al.*, No. 4:26-CV-00729, 2026 WL 522322 (S.D. Tex. Feb. 25, 2026). In those cases, the Court concluded that ICE's re-detention of a noncitizen who was previously released on an Order of Release on Recognizance (ORR) without a pre-deprivation hearing or proof of changed individual circumstances violated the noncitizen's right to procedural

---

[1] The Court agrees with Respondents that Petitioner falls within the group of noncitizens subject to mandatory detention under the Fifth Circuit's precedential decision in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (2026). However, *Buenrostro* addressed only the statutory interpretation question; it did not address the question of whether such detention violates due process in specific circumstances.

due process. *See Betancourth*, 2026 WL 638482 at *3-4; *Alvarez Rico*, 2026 WL 522322 at *4-6. The Court also rejected Respondents' argument regarding *Connecticut Dep't of Pub. Safety v. Doe*, 538 U.S. 1, 4 (2003) as to noncitizens whom ICE previously released on their own recognizance. *Betancourth*, 2026 WL 638482, at *2.

Here, Petitioner was released from custody on parole rather than via an ORR. But parole, like release on an ORR, "necessarily 'reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk.'" *Perea-Berrio*, 2026 WL 709481, at *3 (internal citations omitted); *see* 8 C.F.R. § 212.5(b) (requiring that noncitizens released on parole "present neither a security risk nor a risk of absconding"). The Court also previously rejected the notion that the government, consistent with the Due Process Clause, may arbitrarily revoke conditional release from custody merely because the applicable regulations provide that release may be revoked at any time. *Perea-Berrio*, 2026 WL 709481, at *2. "[T]hat Petitioner was paroled into the United States, rather than released on his own recognizance, is [thus] 'a distinction without a difference'" for the purposes of evaluating Petitioner's due process claim. *Hassen v. Noem*, No. EP-26-CV-00048-DB, 2026 WL 446506, at *2 (W.D. Tex. Feb. 9, 2026) (quoting *Guerra-Miranda v. Bondi*, No. EP-26-CV-00028-KC (W.D. Tex. Jan. 21, 2026)). The Court therefore sees no reason to reach a different result under the facts of this case than it has in cases involving release on recognizance. It concludes that Petitioner's re-detention violated his Fifth Amendment right to procedural due process.

## III.   CONCLUSION

The Court therefore **ORDERS** as follows.

1. Respondents are **ORDERED** to release Petitioner from custody within 48 hours pursuant to the terms of his prior release on parole.

2. Respondents must release Petitioner in a public place within the Southern District of Texas, and must notify her counsel of the time and place of his release **no less than three hours** prior to his release from custody.

3. Respondents may not re-detain Petitioner during the pendency of his removal proceedings absent a pre-detention hearing before an IJ at which the government demonstrates, by clear and convincing evidence, that he is a flight risk or a danger to the community or has violated the conditions of his release. Respondents similarly may not subject Petitioner to additional conditions of release without a similar hearing at which the government bears the burden of showing why new conditions are necessary.

The Court further **ORDERS** that Respondents file an advisory with the Court **on or before April 2, 2026**, informing the Court of the status of Petitioner's release.

The Court further **ORDERS** that, following Petitioner's bond hearing or release, the parties **SHALL CONFER** and **FILE** a notice informing the Court whether any matters remain to be resolved in this case **on or before April 14, 2026.**

IT IS SO ORDERED.

Signed at Houston, Texas on March 27, 2026.

_____
Keith P. Ellison
United States District Judge